IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-40613
Summary Calendar
_____


NOEL EDWARD PLUNKETT,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA;
MICHAEL A. PURDY; J. DIAZ;
L. TEMPLE; J. GERALDI,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-97-CV-677

_____

May 27, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Federal prisoner Noel Edward Plunkett appeals the magistrate judge's[1] dismissal as frivolous, pursuant to 28 U.S.C. § 1915(e), of his civil rights lawsuit alleging that a prison guard, Officer Diaz, labeled him as a "snitch" to other prisoners in retaliation for his earlier complaints about Officer Diaz and for another lawsuit that he has filed. Plunkett also argues that the other

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Plunkett consented to proceed before a magistrate judge.

defendants-appellees, by rejecting his prison grievance complaining about Officer Diaz's acts, condoned the retaliation.

Plunkett does not brief any argument in connection with the dismissal of the United States as a defendant to the lawsuit.  His argument is therefore waived.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(arguments not briefed on appeal are waived).

Plunkett has not demonstrated that the magistrate judge abused her discretion in dismissing his lawsuit.  Plunkett has failed to allege sufficient facts to show that the defendants-appellees violated his constitutional rights.  See Newton v. Black, 133 F.3d 301, 308 (5th Cir. 1998); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1997).  He has also failed to demonstrate a retaliatory motive, either through direct evidence or by alleging a chronology of events from which retaliation may plausibly be inferred.  See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).  His retaliation claims are therefore without arguable basis in law and fact and were properly dismissed.

Plunkett argues for the first time in his reply brief that he has been the victim of racial discrimination and retaliation because of his existing and threatened litigation, in violation of his rights of equal protection, free speech, and access to the courts.  However, this court will not consider issues raised for the first time in a reply brief.  See United States v. Prince, 868 F.2d 1379, 1386.

A F F I R M E D.[2]

---

3